Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ELIZABETH RODRÍGUEZ RODRÍGUEZ, ISRAEL MATOS VÁZQUEZ, Y SU SOCIEDAD DE BIENES GANANCIALES<br><br>Parte Apelante<br><br>v.<br><br>MUNICIPIO DE CAROLINA; MAPFRE PRAICO INSURANCE COMPANY; FULANO DE TAL, SUTANA DE TAL, COMPAÑÍAS ASEGURADORAS A Y B<br><br>Parte Apelada | TA2026AP00245 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV02562<br><br>Sala: 401<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2026.

Comparece ante *nos* Elizabeth Rodríguez Rodríguez, Israel Matos Vázquez y la Sociedad Legal de Bienes Gananciales (en conjunto, los apelantes) y nos solicitan que revisemos una *Sentencia Parcial* emitida el 18 de diciembre de 2025 y notificada el 19 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Carolina. Mediante dicho dictamen, el foro primario desestimó la *Demanda* bajo el fundamento que la causa de acción está prescrita.

**I.**

Surge del expediente apelativo que, el 11 de agosto de 2025, los apelantes incoaron una *Demanda* sobre daños y perjuicios en contra del Municipio de Carolina (Municipio o apelada) y Mapfre Praico Insurance Company (Mapfre). En síntesis, alegó que el 2 de

mayo de 2024, sufrió una caída en la Escuela de Bellas Artes en Carolina. Sostuvo que el 3 de mayo de 2024, le reclamó al Municipio por el accidente y posteriormente, el 24 de mayo de 2024, continuó su reclamo contra Mapfre, quien es la aseguradora de la apelada.

El 17 de octubre de 2025, Mapfre presentó una *Contestación a Demanda*. Ese mismo día, el Municipio presentó una *Solicitud de Desestimación por Prescripción*. La parte apelada indicó que, luego del 3 de mayo de 2024, la apelante no realizó gestión alguna adicional hasta la presentación de la *Demanda*. Así pues, apuntó que la causa de acción presentada en su contra se encuentra prescrita. Expresó, además, que aun cuando la parte apelante interrumpió el término prescriptivo el 3 de mayo de 2024, esta tenía hasta el 3 de mayo de 2025, para preservar su causa de acción, pero eso no ocurrió.

En desacuerdo, el 24 de noviembre de 2025, la parte apelante presentó una *Moción en Oposición a Solicitud de Desestimación por Prescripción*. Planteó que, el Municipio tuvo conocimiento efectivo de la reclamación a través del propio alcalde y del abogado de la división legal; por lo cual, pudo investigarla, sin embargo, la indujo a creer que su aseguradora actuaba como su representante en las conversaciones extrajudiciales que mantenían viva su causa de acción. Acentuó que los reclamos efectuados en contra de Mapfre, incluyendo el realizado el 12 de diciembre de 2024, tuvieron el efecto de interrumpir el término prescriptivo contra el Municipio y, en consecuencia, la causa de acción en contra de la apelada no está prescrita.

Así las cosas, el 18 de diciembre de 2025, notificada el 19 de diciembre de 2025, el TPI emitió una *Sentencia Parcial* mediante la cual declaró *Ha Lugar* la *Solicitud de Desestimación por Prescripción* al entender que la causa de acción presentada en contra del Municipio se encuentra prescrita. Razonó el foro primario que, la

parte apelante realizó una reclamación al Municipio el 3 de mayo de 2024; sin embargo, luego de ello, dirigió todas sus comunicaciones y/o reclamos extrajudiciales contra Mapfre exclusivamente. Así, destacó que del expediente no surge que la apelante haya cursado alguna reclamación extrajudicial en contra de la apelada a partir del 3 de mayo de 2024, que pudiera reiniciar el término prescriptivo.

En rechazo, el 7 de enero de 2026, la parte apelante presentó una *Moción en Solicitud de Determinaciones de Hechos Adicionales y de Reconsideración de Sentencia.* El 8 de enero de 2026, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

El 8 de marzo de 2026, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA PARCIAL DESESTIMANDO LA DEMANDA CONTRA EL MAC.

**SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO ACOGER Y RESOLVER LA MOCION DE DESESTIMA[CI]ÓN PRESENTADA POR EL MAC BAJO LA REGLA 10.2 (5) DE PROCEDIMIENTO CIVIL, COMO UNA DE SENTENCIA SUMARIA BAJO LA REGLA 36.2 DE PROCEDIMIENTO CIVIL.

**TERCER SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR EN SU SENTENCIA PARCIAL LOS HECHOS MATERIALES QUE NO ESTABAN EN CONTROVERSIA Y LOS HECHOS MATERIALES QUE SÍ ESTABAN EN CONTROVERSIA.

**CUARTO SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO ENMENDAR SUS DETERMINACIONES DE HECHOS ERR[Ó]NEAS O AMBIGUAS, NI HACER DETERMINACIONES DE HECHOS ADICIONALES NECESARIAS Y CUYOS HECHOS EST[Á]N APOYADOS EN EVIDENCIA PERTINENTE EN EL R[É]CORD, LO CUAL DEJÓ LA SENTENCIA CARENTE DE DETERMINACIONES SUFICIENTES PARA PERMITIR UNA REVISIÓN APELATIVA EFECTIVA.

Examinado el recurso ante nuestra consideración, el 16 de marzo de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de veinte (20) días a la parte apelada para presentar su posición al recurso. Luego de varios incidentes procesales, innecesarios pormenorizar, el 17 de abril de 2026, la parte apelada presentó el *Alegato de la Apelada*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Desestimación**

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*.

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Saint Mary Investments, LLC. v. Denton Morales y otros*, 2026 TSPR 35, 218 DPR ___ (2026); *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Saint Mary Investments, LLC. v. Denton Morales y otros, supra*; *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra*.

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983). A esos efectos, la Regla 13.1 de Procedimiento Civil (32 LPRA Ap. V), permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o clarificar reclamaciones previamente interpuestas. *Saint Mary Investments, LLC. v. Denton Morales y otros, supra*, citando a *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184 (2012).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las

reclamaciones en su contra." *Torres v. Torres et al., supra*, pág. 501. Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109 (2024). Véase, además, *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022); *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp, supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505.

## B. Prescripción

La prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Supermercado Los Colobos*, 213 DPR 80 (2023); *Westerbank v. Registradora*, 172 DPR 71 (2007). Véase, además, *Galib Franaie v. El Vocero*, 138 DPR 560 (1995). Dicho de otro modo, la prescripción es una de las formas mediante las cuales una obligación pierde su vigencia. *Westerbank v. Registradora, supra.* Así, la prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo. Artículo 1189 del Código Civil (31 LPRA sec. 9481). Las acciones prescriben por el mero lapso del tiempo fijado por ley. *Íd.* Así pues, los plazos de prescripción comienzan a transcurrir cuando el legitimado activo conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona contra quien puede actuar. Artículo 1190 del Código Civil (31 LPRA sec. 9482).

Según estableció nuestro máximo Foro en *Zambrana Maldonado v. E.L.A.,* 129 DPR 740 (1992),

> la prescripción es un fenómeno basado en la inercia, mientras que la interrupción está basada en la actividad, la ruptura de esa inercia. De acuerdo con Orozco Pardo, la "interrupción, suspensión y renuncia, son los componentes que hacen justa y moral a la prescripción" Orozco Pardo, Guillermo, La Interrupción de la Prescripción Extintiva en el Derecho Civil, Cap. III, pág. 59, Granada (1986). Cabe señalar **"que la prescripción extintiva está basada en una presunción 'iuris tantum' de abandono, que admite prueba en contra, la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación".** (Énfasis suplido).

Existen tres (3) maneras de interrumpir un término prescriptivo: (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja; (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o (c) por el reconocimiento de la obligación por el deudor. Artículo 1197 del Código Civil (31 LPRA sec. 9489). Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. *Íd.*

La prescripción extintiva promueve que las personas ejerzan sus causas de acción con diligencia y, de esta manera, fomenta la estabilidad en las relaciones y el tráfico jurídico. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020). Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. *Conde Cruz v. Resto Rodríguez et al., supra.* De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba. *Íd.*

Cónsono con esto, el Artículo 1204 del Código Civil dispone, entre otras cosas, que prescriben, salvo disposición diversa de la ley:

por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. (31 LPRA sec. 9496). Así pues, la reclamación de daños y perjuicios al amparo del Artículo 1536 del Código Civil (31 LPRA sec. 10801), prescribe al cabo de un (1) año.

**III.**

En el recurso ante *nos*, la parte apelante invoca nuestra intervención e insiste en que el TPI erró al dictar *Sentencia Parcial* desestimando la *Demanda* que se presentó en contra del Municipio. Puntualizó, además, que erró el foro primario al no acoger y resolver la *Solicitud de Desestimación por Prescripción* presentada por el Municipio bajo la Regla 10.2 (5) de Procedimiento Civil, *supra*, como una de Sentencia Sumaria bajo la Regla 36.2 de Procedimiento Civil (32 LPRA Ap. V).

Asimismo, manifestó que erró el TPI al no determinar en su *Sentencia Parcial* los hechos materiales que no estaban en controversia y los hechos materiales que sí estaban en controversia. Finalmente, arguyó que incidió el foro primario al no enmendar sus determinaciones de hechos erróneas o ambiguas, ni hacer determinaciones de hechos adicionales necesarias y cuyos hechos están apoyados en evidencia pertinente en el récord, lo cual dejó la *Sentencia Parcial* carente de determinaciones suficientes para permitir una revisión apelativa efectiva.

De una lectura integral de la *Solicitud de Desestimación por Prescripción* surge que, esta se presentó al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*. Así pues, no surge de la misma que la parte apelada haya expuesto materias no contenidas en la alegación impugnada y que estas no hayan sido excluidas por el tribunal, que nos obligue a tratar la solicitud de desestimación como una solicitud de sentencia sumaria. Por lo tanto, de entrada,

prescindimos del segundo, tercero y cuarto señalamiento de error, por ser inmeritorios.

Surge del expediente ante nuestra consideración que, el 2 de mayo de 2024, Elizabeth Rodríguez Rodríguez sufrió una caída en la Escuela de Bellas Artes en Carolina. Al próximo día, el 3 de mayo de 2024, la parte apelante le reclamó a la parte apelada por el accidente. Posteriormente, el 24 de mayo de 2024, la apelante presentó su reclamación ante Mapfre, quien es la aseguradora del Municipio. Así, surge de las alegaciones de la *Demanda* que el 24 de octubre de 2024, Mapfre denegó la reclamación de la apelada. Surge, además, que la apelante le cursó a Mapfre comunicaciones y reclamaciones extrajudiciales el 30 de septiembre, 26 de octubre y el 12 de diciembre de 2024.

Sin embargo, no surge de las alegaciones de la *Demanda* que la parte apelante haya cursado reclamaciones extrajudiciales adicionales al Municipio con posterioridad al 3 de mayo de 2024. Por consiguiente, dando por ciertos los hechos bien alegados en la *Demanda*, la parte apelante tenía hasta el 3 de mayo de 2025 para presentar su causa de acción. Habiéndose presentado la *Demanda* en contra de la parte apelada el 11 de agosto de 2025, esta estaba prescrita.

No debemos perder de perspectiva que, la reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de un (1) año, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. Artículo 1204 del Código Civil, *supra*. Además, es importante hacer notar que las reclamaciones entre un asegurado y su aseguradora son independientes, distintas y separadas. *Cortés Román v. E.L.A.*, 106 DPR 504 (1977).

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones